and we will hear from Mr. Suma again. Welcome back, Mr. Suma. May it please the court, I'm Richard Suma and I represent Mr. Lange. It's my pleasure to return for round two today. Mr. Lange was convicted of five counts of possession of a firearm by convicted felon and five counts of distribution of a controlled substance offense. There arose an issue at sentencing as to the use of a predicate Florida conviction which contributed to his base offense level and that contested conviction was for a crime called principle to attempted manufacture of a controlled substance offense. Just so I understand correctly, in 25 years I hadn't run into this quote crime end of quote in Florida before but most states, Alabama being one of them, I thought Florida was one, said that anybody who aids in a bed, et cetera, a crime may be punished and shall be punished as a principle to it. There's not a separate crime called principle in the first degree, is there? Well, I'm with you because I practiced criminal law for 16 years in the Florida courts and I never saw, it's not required to charge someone as a principle. You don't see it in the information. You don't see it in any charging document. So I'm with you on that. I've never seen it but what I gather from this record and I do think the court is hampered by lack of evidence explaining what this charge is and I mean there could have been helpful information such as a charging document or a judgment but in my experience I've never seen a crime called principle to attempted crime. The question is not so much a record question, it's just how Florida law works. Right. So what I did was I went to the jury instruction for principles in Florida and I made sure I cited that. It was cited in the proceedings below and I made sure to cite it in my supplemental authority to see what is encompassed within this principle instruction. And what I find is that it's exceptionally broad and it includes the saying of some word which incites or encourages another person to commit a crime or attempted crime. So in my view it actually encompasses a solicitation type of offense and a solicitation type of offense is not listed in the guidelines commentary of aiding, abetting or conspiracy or an attempt to commit a crime. Now I went back to review the trial judge's thinking on this and I think along with what you said Judge Carnes and what I'm thinking, the trial judge reasoned well a principle is just as guilty as his accomplice or his co-defendant and you know a typical situation is where you think one of the defendants is somehow, his conduct is less culpable like a getaway driver as opposed to the person who actually goes in and robs a bank but the getaway driver is just as guilty as his accomplice under the principle theory. So I think the judge reasoned that well you're a principle to an attempt which means that you're just as guilty as someone who committed an attempt and therefore the commentary list is an attempt offense so you're basically guilty of an attempt offense so your crime must fall within this commentary. However, I find that reasoning to be somewhat unsatisfactory because when I looked at the principle instruction it is so broad I think it does encompass a solicitation type of offense and a solicitation type of offense does not fall within that commentary which is in my view restricted to aiding and abetting or conspiring or attempting. So in consistent with what defense counsel argued below, she argued that this crime of principle to an attempt is somehow less serious than the crimes that are listed in the commentary which is aiding and abetting, conspiring and attempt. So when you combine these two principles you have an offense which somehow appears less serious and was probably not therefore falling within the intent of the commission when they promulgated this commentary to say our controlled substance offenses will include aiding and abetting this, aiding and abetting For the actual statute 777.011 says whoever aids, vets, counsels, hires or otherwise procures such an offense to be committed and the offense is committed or attempted principle in the first degree and may be charged, convicted and punished as such. So it really doesn't say solicitation other than procures an offense that is committed. Right. I've noted that but that is very interesting because the Florida Supreme Court has approved a jury instruction on principles which is much broader. But of course we don't know what instruction was given at the trial. We don't. We don't. So and that's where I also think it perhaps implicates a failure to prove on the part of the government that the offense that was actually committed falls within the guideline for aiding and abetting or an attempt offense. There was also, I would also point out that the guideline definition of controlled substance offense is what I would regard as an enumerated list of crimes. In other words, it says the manufacturer, import, export, distribution, dispensing or possessing with intent to manufacture, etc. But then you have the application. And then you have the application note and when it says includes offenses such as aiding and abetting, what I think that does is adds or expands the list of enumerated offenses which makes it a larger list of enumerated offenses. Well, it says includes. But includes in this. Meaning that it's limited to. Well, in this case it does. Because when you have. How does that work? Well, because what. It's a matter of English language. Right. Because includes may sometimes be not exhaustive. But in some context, it is exhaustive. And in this case, it is because of what the. Why? Because of what the condition. Why is it exhaustive when it says includes? Well, because in this context, it says the commission added certain things to the list of control substance offenses. We're adding aiding and abetting these offenses. We're adding conspiring to include these offenses. And we're adding. I'm just saying that that includes it. It includes it. It's the commission that defines for purposes of the guidelines what a trafficking. Right. Well, when you include certain things in enumerated lists, you make the enumerated list larger. It's a larger enumerated list. It's a larger fine. It's still a finite list because you've just made it larger. In other words. As I said, as I said in the argued in my brief, if you have a burglary statute that includes entry into a dwelling. Right. But then the legislature in the next sessions includes. Entry into a structure. OK. It just became larger. It includes dwelling in structure. But. By including something, it doesn't mean you add something other than a dwelling or instruction. It's still hard to think of what you can add to the structure. Well, well, my point is that when you say a list includes something additional. It doesn't invite. Adding other things to the list. It just includes what was added. It's still an enumerated list. It's just a larger enumerated list. So. When this says aiding and abetting or attempting. It doesn't intend to include other things such as principle to an attempt, which is not named. It's not. It's not meant to include solicitation. Which is a different type of crime and generally regarded as a lesser crime. So when the commission added aiding and abetting, conspiring and attempting. I don't think they meant to add an obscure offense, which somehow is called principle to an attempt. But principle. I think the floor of the legislature could have been clearer. But it seems to me like principle in the first degree simply means that whatever the punishment is for that crime. That you're subject to that punishment. In other words, classic common law use of the term principle. And most codes use the term principle. If one person commits one crime. Doesn't tell anybody else about it. Doesn't involve anybody else. He's the principle committing the crime. If he gets someone to help him, he's the principle. If they're aiding him and abetting him and helping him. They're aiders and abetters. But it is said in classic criminal law coverage. In codes and in common law. That they are punishable as though they were the principle. I agree entirely with you. But if that were the case, the crime would not have been identified in the PSR as principle. But if you look through the Florida Code and say what is the punishment for principle in the first degree. There is none. It's the crime. You're guilty as though you committed the crime. I agree. But when I read the PSR and I see the defense described as principle to attempt. I think it must mean something other than what you're describing, Chief Judge Carnes. It must mean a different type of offense. Because the PSR would have simply said he is guilty of attempted manufacturing. There's the PSR and then you look at the Florida law to see what the crime is. I mean, that's classic. And when I looked at the Florida law, I looked at the principle during instruction. And I think it's more expansive. And I'll save the rest of my time. All right. Thank you. Thank you. Ms. Hess. May it please the Court, Nancy Hess for the United States. As the Court points out, principle is not a separate offense. And the offense is attempted manufacture of a controlled substance. The defendant was convicted of the principle theory. Really all the principle theory does in the state statute and in the federal statute is that it merely defines the liability. So the principle and the ADER and the SEDER have the same liability. This defendant who was charged, it says principle to attempted manufacture of controlled substance. But the information charges 893.13 and then 777.011, which would be the same as in the federal code, 18 U.S.C.N. 2, would be principle or ADER and the SEDER. Liability is exactly the same. The ADER and the SEDER is as guilty as the principle. And that's all this means. It doesn't mean anything more than that. Then going to attempted manufacture of a controlled substance under 4B1.1's definition section, aiding and abetting is accepted and attempt is accepted. So the crimes are committed. They're listed in the . . . The point of that is the commission does that to just . . . because all of this is going to be dependent on the vagaries of state law is to just simplify the process for the sentencing judge. Exactly. Congress had broad definition to make . . . broad authority to make the definition. This court has said in Smith and Fridgen that the definition under 4B1.2 is unambiguous and we look at the plain language of the definition to determine what the definition means. Common sense dictates what constitutes a controlled substance offense. And in the commentary to 4B1.1 . . . 1.2, it says in order to determine what the offense of conviction is, we look at the conduct of which the defendant was convicted, and that is the focus of the inquiry. So we're talking about attempted manufacture of a controlled substance. It's no more than that. And Smith and Fridgen both hold that a violation of 893.13 is a violation of the Controlled Substance Act, and there's no more to it than that, unless the court has any other questions. Thank you, Ms. Hess. We appreciate the time. I must confess that the opposing counsel cited the information from the Florida State case, and I'm not aware that that's in the record. So what he was actually charged with, I don't know where that information came from. One thing I did not have a chance to discuss was the defense . . . Do you want to raise an issue that she's not had an opportunity to respond to? Excuse me? Are you trying to raise . . . Oh, oh, oh, oh. On rebuttal, you're trying to raise an issue that she hasn't had an opportunity . . . I'm sorry. I'm sorry, Your Honor. Yeah, I did not have a chance to talk about that. You're brave. Yes, thank you. Because I feel that the offense is not an ordinary principal offense, it's something broader, and that it was named as something broader, and includes under the principal instruction something in the nature of solicitation, I would ask the court to find that the predicate offense does not come within the commentary of the guideline, and request that a remand for resentencing by eliminating the one controlled substance offense. Thank you. Thank you.  Next case up, FDIC v. Amos.